**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Sean Davis (AZ Bar # 030754)
seand@phillipsdayeslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DERLIN HUNTER, a single man; DAMIAN RAMIREZ, a single man,<br><br>Plaintiffs,<br><br>vs.<br><br>1ST CHOICE RECYCLING, LLC, an Arizona Limited Liability Company; JEFFREY DAWKINS and JANE DOE DAWKINS, husband and wife; JOSEPH HIDALGO and JANE DOE HIDALGO, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs DERLIN HUNTER and DAMIAN RAMIREZ (hereinafter "Plaintiffs"), allege as follows:

/ / /

/ / /

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiffs bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC § 201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at § 207(a).

4. For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as independent contractors.

6. For at least five (5) months of the two (2) years prior to the filing of this action, Plaintiffs worked at least forty (4) hours per week, and were not paid time and a half for the hours worked above forty (4) hours per week.

/ / /

/ / /

7. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

11. At all times material hereto, Plaintiffs were, and continue to be, residents of Maricopa County, Arizona.

12. Defendant 1ST CHOICE RECYCLING, LLC is incorporated in the State of Arizona with its principle place of business at 3210 East Roeser, Phoenix, Arizona 85040.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants JEFFREY DAWKINS and JOSEPH HIDALGO were, and are, the owners of 1ST CHOICE RECYCLING, LLC.

14. Upon information and belief, at all times material hereto, Defendants JEFFREY DAWKINS and JANE DOE DAWKINS were, and are, residents of Maricopa County, Arizona.

/ / /

1    15.    JANE DOE DAWKINS is the fictitious name for JEFFREY DAWKINS's wife. When her true name is ascertained, this complaint will be amended. JEFFREY DAWKINS and JANE DOE DAWKINS have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

16.    Upon information and belief, at all times material hereto, Defendants JOSEPH HIDALGO and JANE DOE HIDALGO were, and are, residents of Maricopa County, Arizona.

17.    JANE DOE HIDALGO is the fictitious name for JOSEPH HIDALGO's wife. When her true name is ascertained, this complaint will be amended. JOSEPH HIDALGO and JANE DOE HIDALGO have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

18.    At all relevant times, Plaintiffs were "employees" of Defendant 1ST CHOICE RECYCLING, LLC, as defined by 29 U.S.C. § 203(e)(1).

19.    The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant 1ST CHOICE RECYCLING, LLC.

20.    At all relevant times, Defendant 1ST CHOICE RECYCLING, LLC was, and continues to be, an employer as defined in 29 U.S.C. § 203(d).

21.    On information and belief, Defendants JEFFREY DAWKINS and JOSEPH HIDALGO are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and are co-equally liable with Defendant 1ST CHOICE RECYCLING, LLC for all matters.

22.    At all times material to this action, Defendant 1ST CHOICE RECYCLING, LLC was, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

23.    Upon information and belief, at all relevant times, the annual gross revenue of Defendant 1ST CHOICE RECYCLING, LLC exceeded $500,000.00.

## FACTUAL BACKGROUND

24. Plaintiff DERLIN HUNTER was hired by Defendants in approximately April 2013 as a non-exempt hourly paid metal scrapper.

25. Plaintiff DAMIAN RAMIREZ was hired by Defendants in approximately April 2013 as a non-exempt hourly paid driver/helper.

26. Defendants specialized in providing metal restoration services and recycling of metal and other items.

27. Plaintiffs' job responsibilities included traveling from Defendants' central location to various job locations around the state, breaking down air conditioning units for recycling, and returning those units to Defendants' central location.

28. Plaintiff DERLIN HUNTER was paid a rate of $10 per hour for each hour worked.

29. Plaintiff DAMIAN RAMIREZ was paid a rate of $9 per hour for each hour worked.

30. Plaintiffs were non-exempt employees.

31. Plaintiffs were not managers.

32. Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

33. Plaintiffs had no control over job duties and responsibilities and did what they were instructed to do by Defendant.

34. Plaintiffs' work hours were dictated by the Defendants.

35. Plaintiffs' duties were an integral part of Defendants' operation.

36. Plaintiffs had no independent business organization or operation.

37. Plaintiffs made no investment in facilities.

38. Plaintiffs made minimal investment in equipment and tools.

39. Defendants had the right to control the manner and means by which Plaintiffs accomplished their work and the results desired from the work.

40. From April 2013 through August 2013, Defendants failed to properly compensate Plaintiffs for their overtime hours.

41. During this time, Plaintiffs were paid their regular hourly rate for all hours, including hours worked over forty (40) in a week.

42. Plaintiffs punched in and out on a time clock.

43. Plaintiffs were required to work additional hours off-the-clock.

44. Plaintiffs were not paid for their travel time between job sites.

45. Upon information and belief, Defendants altered the hours Plaintiffs had clocked on some occasions.

46. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful, as Plaintiffs complained about this policy to JEFFREY DAWKINS on multiple occasions without any change in policy.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

48. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

## COUNT ONE

### VIOLATION OF FAIR LABOR STANDARDS ACT § 207

49. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

50. While employed by Defendant, Plaintiffs consistently and regularly worked overtime.

1    51.    Defendants have intentionally failed and/or refused to pay Plaintiffs overtime
2    according to the provisions of the FLSA.

3    52.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered
4    damages by not receiving compensation in accordance with § 207 of the FLSA.

5    53.    Under 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to
6    one and one-half times their regular pay rate for each hour of overtime worked per week.

7    54.    In addition to the amount of unpaid wages owed to Plaintiffs, they are also
8    entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §
9    216(b).

10   55.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA,
11   were willful.

12   56.    Defendants have not made a good faith effort to comply with the FLSA.

13   57.    Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §
14   216(b).

15   WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor
16   against Defendants:

17       a. Awarding Plaintiffs overtime compensation in the amount due to them for all
18          of their time worked in excess of forty (40) hours per work week at an
19          amount equal to one and one-half times Plaintiffs' regular rate while at work
20          for Defendants;

21       b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime
22          award;

23       c. Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the
24          litigation pursuant to 29 U.S.C. § 216(b);

25       d. For Plaintiffs' costs incurred in this action;

  e. Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

  g. For such other and further relief as the Court deems just and proper

## COUNT TWO

## **MISCLASSIFICATION AS INDEPENDENT CONTRACTOR**

58. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

59. Defendants misclassified Plaintiffs as independent contractors.

60. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiffs in the form of self-employment taxes.

61. As a direct and proximate result of misclassification, Plaintiffs are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

62. Defendants had the right to control the manner and means by which Plaintiffs accomplished their work and the results desired from the work.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

  a. Awarding Plaintiffs the difference between the amount that should have been taxed if Plaintiffs were appropriately classified and the amount that Plaintiffs actually paid in self-employment tax.

/ / /

     b. Awarding Plaintiffs liquidated damages in an amount equal to the self-employment tax award;

     c. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

     d. For Plaintiffs' costs incurred in this action;

     e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

     f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

     g. For such other and further relief as the Court deems just and proper.

## COUNT THREE

## DECLARATORY JUDGMENT

63. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

64. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

65. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

66. Plaintiffs may obtain declaratory relief.

67. Defendants employed Plaintiffs.

68. Defendants are an enterprise covered by the FLSA.

69. Plaintiffs are individually covered by the FLSA.

70. Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. § 207.

71. Plaintiffs are entitled to an equal amount of liquidated damages.

72. Defendants did not rely on a good faith defense in its failure to abide by the

1  provisions of the FLSA and failure to pay overtime compensation.

2      73.    Defendants misclassified Plaintiffs as independent contractors.

3      74.    It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

7      75.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    b. For Plaintiffs' costs incurred in this action.

    c. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: February 21, 2014        Respectfully submitted,
                                          **PHILLIPS DAYES LAW GROUP PC**

                                          /s/ Dawn M. Sauer
                                          Dawn M. Sauer, Esq.
                                          Attorney for Plaintiffs